■ STEELMASTERS, INC., Respondent, v. HOUSEHOLD MFG. CO., Defendant, and HARRY E. EISENROD, Appellant.— Order, Supreme Court, New York County, entered June 5, 1972, unanimously reversed, on the law, defendant-appellant's motion to dismiss the fifth to eighth causes of the complaint, inclusive, granted, and the complaint dismissed and the action severed as to him. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The simple question is whether the record supports plaintiff's claim that the goods in issue, for which recovery is sought, were sold to defendant individually or to the defendant corporation only. All of the documentary evidence — invoices, letters, purchase orders, even plaintiff's ledger sheet — indicates that plaintiff dealt with the corporation, not the individual. Even an unsigned draft contract prepared by plaintiff supports this view. Appellant's signatures on documents were signed in his official capacity. The mere private intention or secret belief of plaintiff is insufficient to overcome the documentary evidence or to create a triable issue. Concur — Stevens, P. J., Murphy, McNally and Steuer, JJ.

■ In the Matter of the Arbitration between EMPIRE MUTUAL INSURANCE COMPANY, Appellant, and WILLIAM CONA, Respondent.— Judgment, Supreme Court, New York County, entered on or about December 14, 1971, denying petitioner's application for a permanent stay of arbitration, unanimously reversed, on the law and on the facts, without costs and without disbursements, and vacated, the application granted and arbitration stayed. The record indicates that claimant, a police officer, while on duty and while investigating an accident, leaned into the door of a stolen car to speak to the unlicensed driver thereof. When claimant attempted to enter the car to remove said driver the latter suddenly placed the car in motion, dragging the officer along with it. The driver was eventually arrested at the scene, and, later, while at the station house, once again attempted to escape and again knocked claimant to the ground. The finding of the Referee that claimant was injured as the result of an accident rather than an assault is clearly not supported by the record. The claimant's injuries were the result of an intentional assault which is not covered by the uninsured motorist indorsement in his insurance policy. (McCarthy v. MVAIC, 16 A D 2d 35; Matter of MVAIC [Brinson], 18 A D 2d 809.) Concur — McGivern, J. P., Nunez, Kupferman, McNally and Capozzoli, JJ.