■ EUGENE ROBINSON, Also Known as TONY ROBINSON, Appellant, v PARAMOUNT PICTURES CORPORATION et al., Defendants, and JOHN TRAVOLTA et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Adler, J.), dated November 9, 1983, as granted defendant Travolta's motion to dismiss plaintiff's amended complaint as against him and defendant Stigwood's motion to dismiss the action as against him and to substitute in his place and stead Stigwood Group Ltd. and Saturday Night Production Company, Inc.

Order affirmed, insofar as appealed from, with one bill of costs.

Even assuming all of the allegations of plaintiff's amended complaint to be true, and construing them in the light most favorable to him, this action, insofar as it is against defendant John Travolta, cannot be sustained because the facts stated do not entitle plaintiff to recovery. Travolta utilized plaintiff's life story only in the sense that it was necessary to perform his contract as an actor in the movie "Saturday Night Fever". Although Travolta may have benefited from his use of plaintiff's life story, these benefits were a direct result of Travolta's performance of his contractual obligations. Thus, although Travolta was enriched, there is no indication that he acted unjustly (*McGrath v Hilding,* 41 NY2d 625, 629). If any party acted unjustly, it is the party that acquired plaintiff's life story and then subsequently hired Travolta to enact it, without compensating plaintiff (*Bradkin v Leverton,* 26 NY2d 192).

This action was also properly dismissed as against defendant Stigwood as an individual, because the documentary evidence he presented established that all transactions regarding the acquisition of plaintiff's life story and the production of the movie concerning that story were conducted and completed by corporations in which he had an interest (*Steelmas-*

*ters, Inc. v Household Mfg. Co.*, 40 AD2d 963). Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.