■ WESTMINSTER CONSTRUCTION COMPANY, INC., Plaintiff, v ALAN SHERMAN et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. VINCENT PIZZELLO, Third-Party Defendant-Respondent.—In an action, *inter alia,* to recover damages for breach of contract, the defendants and third-party plaintiffs appeal from an order of the Supreme Court, Suffolk County (Copertino, J.), dated March 21, 1988, which granted the motion of the third-party defendant to dismiss the third-party complaint.

Ordered that the order is affirmed, with costs.

The appellants, Alan Sherman and Elaine Sherman, are defendants in an action commenced by Westminster Construction Company, Inc. (hereinafter Westminster). In that action, Westminster, *inter alia,* seeks damages for breach of a contract to construct a residence for the appellants. In defense of that action, the appellants generally allege that the contract was performed by Westminster in an unworkmanlike manner. After issue was joined, the appellants commenced a third-party action against the respondent, Vincent Pizzello, the principal officer of Westminster.

Three causes of action are alleged in the third-party complaint. Two of these causes of action generally allege that the respondent, either individually or in his capacity as an officer

of Westminster, supervised the construction of the appellants' residence in a negligent and careless manner. The remaining cause of action alleges that the respondent falsely represented that he and his corporation had the requisite expertise to perform the subject work.

The Supreme Court granted the respondent's motion to dismiss the third-party complaint for its failure to state a cause of action.

Corporate officers may be held personally liable for personal torts committed in the performance of their duties for their corporation (see, *Widlitz v Scher,* 148 AD2d 530; *Bellinzoni v Seland,* 128 AD2d 580; *Clark v Pine Hill Homes,* 112 AD2d 755; *Cleland v Fort Ticonderoga Assn.,* 71 AD2d 740; *Bailey v Baker's Air Force Gas Corp.,* 50 AD2d 129). However, corporate officers may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts (see, *Robinson v Paramount Pictures Corp.,* 112 AD2d 208; *Steelmasters, Inc. v Household Mfg. Co.,* 40 AD2d 963; 15 NY Jur 2d, Business Relationships, § 1023).

The gravamen of two of the three causes of action set forth in the third-party complaint is that the work that was performed under the contract was performed in a less than skillful and workmanlike manner. This states a cause of action to recover damages for breach of contract, not negligence (see, *Luckoff v Sussex Downs,* 104 AD2d 636, *after remittitur mod on other grounds* 131 AD2d 442; *see also,* 22 NY Jur 2d, Contracts, § 313). Since the respondent, individually, cannot, under the circumstances of this case, be held liable for a breach of contract between his corporation and another, those causes of action were properly dismissed.

"A cause of action for fraud in inducing a contract cannot be based solely upon a failure to perform contractual promises of future acts. An alleged failure to perform such acts is a breach of contract which must be enforced by an action on the contract" (*C.B. W. Fin. Corp. v Computer Consoles,* 122 AD2d 10, 12, citing *Wegman v Dairylea Coop.,* 50 AD2d 108; *see, Amsterdam Sav. Bank v Marine Midland Bank,* 121 AD2d 815).

The remaining cause of action in the third-party complaint alleges that the respondent fraudulently represented that he and Westminster had the requisite expertise to perform the subject contract. The damages sought arise out of the alleged failure to perform that contract in a workmanlike manner.

Accordingly, the remaining cause of action, sounding in fraud but "based solely upon a failure to perform contractual promises of future acts", was properly dismissed *(C.B. W. Fin. Corp. v Computer Consoles, supra,* at 12; *see, BBIG Realty Corp. v Ginsberg,* 111 AD2d 91, 93). Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.