**MODEL IMPERIAL SUPPLY CO., INC., Plaintiff,**

v.

**WESTWIND COSMETICS, INC., a/k/a Westwind Cosmetics, Barry Timberg, and Josh Widman, Defendants.**

No. 91–CV–4154.

United States District Court, E.D. New York.

Nov. 30, 1992.

Goodman & Saperstein, Garden City, N.Y. (Martin I. Saperstein, of counsel), for plaintiff.

Abraham & Silver, New York City (Herbert J. Silver, Jaenam Coe, of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

### I. BACKGROUND

This lawsuit concerns a sale of allegedly counterfeit goods. Both plaintiff Model Imperial Supply Co., Inc. ("Model") and defendant Westwind Cosmetics, Inc. ("Westwind") are in the business of selling, promoting and distributing fragrances and cosmetics. The complaint alleges that Westwind, through defendant Barry Timberg, Westwind's sole officer and director, and defendant Josh Widman, a Westwind employee, falsely represented to Model that it had for sale genuine Drakkar Noir men's cologne which it purchased from Drakkar Noir's authorized licensee in Brazil. Model claims that from January through April, 1991 it purchased 20,000 units of the allegedly counterfeit Drakkar Noir for approximately $286,000 from Westwind based upon these representations. Model then resold much of it to retailers, and subsequently was informed by Drakkar Noir's exclusive United States licensee, Cosmair, Inc., that the Drakkar Noir units were counterfeit. Model recalled those units sold to retailers, refunded the purchase prices, and quarantined the remaining inventory.

The complaint sets forth the following four causes of action: (1) breach of contract against Westwind; (2) breach of warranty against Westwind; (3) negligent misrepresentation against all defendants; and (4) misrepresentation and false designation of origin in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a), against all defendants. Model is a Florida corporation with its principal place of business in Boca Raton, Florida. Westwind is a New York corporation with its principal place of business in New York. Both defendants Timberg and Widman are citizens of New York. Jurisdiction is alleged on federal question and diversity grounds.

Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Matters outside the scope of the pleadings were introduced such that the Court was required under Fed.R.Civ.P. 12(b)(6) to convert the motion to summary judgment. *See Festa v. Local 3 Intern. Broth. of Elec. Workers*, 905 F.2d 35, 38 (2d Cir. 1990). All defendants move for summary judgment on the first three causes of action for lack of diversity and on the fourth cause of action by arguing that Model lacks standing under § 43(a) of the Lanham Act. Defendants Timberg and Widman move to dismiss the third cause of action against them on the ground that they cannot per-

sonally liable for acts committed while functioning as corporate officers or employees of Westwind.

## II. DISCUSSION

Summary judgment is proper only when it appears plain from the record that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 571–73 (2d Cir.1991). The function of the district court in a summary judgment motion is to determine whether there are any genuine issues for trial while resolving all ambiguities and doubtful inferences against the moving party. *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

█ The fourth cause of action must be analyzed first because it involves a federal question. § 43(a) of the Lanham Act states that a suit may be brought "by any person who believes that he or she is likely to be damaged" by the use of any false description or representation concerning the origin or quality of goods or services in commerce. 15 U.S.C. § 1125(a) (1988). Despite this broad language, the Second Circuit has restricted § 43(a) standing according to three criteria. First, the plaintiff must be a commercial party. *Colligan v. Activities Club of New York, Ltd.*, 442 F.2d 686, 692 (2d Cir.), *cert. denied,* 404 U.S. 1004, 92 S.Ct. 559, 30 L.Ed.2d 557 (1971). Second, the plaintiff must show a commercial or competitive injury. *See e.g., Berni v. Intern. Gourmet Restaurants of America,* 838 F.2d 642, 647–48 (2d Cir. 1988). Third, the plaintiff must have a "reasonable interest to be protected" from the alleged violation. *PPX Enterprises, Inc. v. Audiofidelity, Inc.,* 746 F.2d 120, 125 (2d Cir.1984), quoting *Johnson & Johnson v. Carter–Wallace, Inc.,* 631 F.2d 186, 190 (2d Cir.1980) (quoting 1A R. Callmann, *Unfair Competition, Trademarks and Monopolies* § 5:04 at p. 35 (4th ed. 1981)).

█ There is no dispute that Model is a commercial entity which allegedly suffered a commercial injury. Defendants argue that Model has no standing because it has no reasonable interest. The reasonable interest test at minimum requires that a § 43(a) plaintiff has a "pecuniary stake" in the sale of a good or service bearing a disputed trademark, tradedress, name or designation of origin or quality. *PPX,* 746 F.2d at 125; *see Berni,* 838 F.2d at 648; *Rosenfeld v. W.B. Saunders, Div. Harcourt Brace Jovanovich,* 728 F.Supp. 236, 242 (S.D.N.Y.1990). A pecuniary stake exists when a plaintiff earns money every time said good or service is sold. *PPX,* 746 F.2d at 125. Model neither alleges nor provides any evidence showing that it has a pecuniary stake in the sale of Drakkar Noir, much less any property interest in the Drakkar Noir trademark. Model consequently has no reasonable interest and lacks standing under § 43(a). *Accord Shonac Corp. v. AMKO Int'l, Inc.,* 763 F.Supp. 919, 929–31 (S.D. Ohio 1991).

█ Even assuming *arguendo* that Model has standing under § 43(a), its substantive claim could not survive summary judgment. "When a plaintiff seeks money damages in either a product infringement case or a false advertising claim under section 43(a), the plaintiff must introduce evidence of actual consumer confusion." *Resource Developers, Inc. v. Statute of Liberty–Ellis Island Foundation, Inc.,* 926 F.2d 134, 139 (2d Cir.1991). The "crucial inquiry" is whether "consumers actually mistook the defendant's product for the plaintiff's." *PPX Enterprises, Inc. v. Audio Fidelity Enterprises, Inc.,* 818 F.2d 266, 271 (2d Cir.1987). Model does not allege any confusion by the purchasing public. As a commercial entity, Model cannot rely on its own confusion in purchasing the allegedly counterfeit goods. Thus, it fails to state a claim under § 43(a).

█ The defendants next object to Model's first three causes of action by alleging that there is not complete diversity between the parties. Diversity of citizenship is determined at the time the action is filed. *Louisville, N.A. & C.R. Co. v. Louisville Trust Co.,* 174 U.S. 552, 19 S.Ct. 817, 43

L.Ed. 1081 (1899); *Spanos v. Skouras Theaters Corp.,* 364 F.2d 161, 163 (2d Cir.), *cert. denied,* 385 U.S. 987, 87 S.Ct. 597, 17 L.Ed.2d 448 (1966). The complaint alleges that Model was a Florida corporation with its principal place of business in Boca Raton, Florida at the time of filing. Defendants argue that Model was a New York corporation with its principal place of business in New York when the causes of action accrued. Even if accurate, this is irrelevant because citizenship is determined at the time of filing. Defendants also argue that Model's principal place of business was in New York at the time of filing. This assertion, which is made exclusively upon information and belief of defendants' counsel, is an insufficient basis to grant summary judgment in view of Model's contradictory allegations. *See Chandler v. Coughlin,* 763 F.2d 110, 113–14 (2d Cir. 1985). Summary judgment on the first, second and third causes of action for lack of diversity is accordingly denied.

Defendants Timberg and Widman move for summary judgment on the third cause of action on the basis that they cannot be personally liable for negligent misrepresentation. Under New York law, an action for negligent misrepresentation sounds in tort. *See Ossining Union Free School Dist. v. Anderson,* 73 N.Y.2d 417, 541 N.Y.S.2d 335, 539 N.E.2d 91 (1989). Corporate officers and employees may be held personally liable for personal torts committed in the performance of their duties to the corporation. *See e.g., West Indian Sea Island Cotton Assn v. Threadtex, Inc.,* 761 F.Supp. 1041, 1054 (S.D.N.Y. 1990); *Westminster Constr. Co. v. Sherman,* 160 A.D.2d 867, 554 N.Y.S.2d 300, 301 (2d Dept.1990). The affidavit of Model's President, Harold Ickovics, raises genuine factual questions concerning Timberg's and Widman's personal role in Westwind's sale of the allegedly counterfeit goods. Thus, summary judgment on the third cause of action against Timberg and Widman must be denied.

The Court has carefully considered the merits of the defendants' motion, and for the reasons stated above, IT IS HEREBY ORDERED that summary judgment on the fourth cause of action is GRANTED, and on all other causes of action DENIED.

SO ORDERED.