■ Johnny Huggins, Appellant, v Parkset Plumbing Supply, Inc., et al., Respondents. [776 NYS2d 827]—

In an action, inter alia, to recover damages for trespass, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Kings County (M. Barasch, J.), dated November 21, 2002, as granted the motion of the defendant Mitchell Racker for summary judgment dismissing the complaint insofar as asserted against him, and (2) so much of an order of the same court dated June 19, 2003, as granted his motion to strike the answer of the defendants Atlas Plumbing and Heating Supply Corp., Nesta Saleta, and Carlos Stephenson only to the extent of precluding those defendants from testifying at trial.

Ordered that the order dated November 21, 2002, is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Mitchell Racker; and it is further,

Ordered that the order dated June 19, 2003, is affirmed insofar as appealed from, without costs or disbursements.

Johnny Huggins, the plaintiff, owns property in Kings County. He brought this action, inter alia, to recover damages for trespass, against the former owners of abutting property, the defendants Parkset Plumbing Supply, Inc. (hereinafter Parkset), and its shareholders, Bruce Wolk and Mitchell Racker, and against the alleged present owners of the abutting property, the defendants Atlas Plumbing and Heating Supply (hereinafter Atlas) and its shareholders Nestor Saleta and Carlos Stephenson (hereinafter collectively the Atlas defendants). The claims of continuing trespass concern a metal structure that extends over the plaintiff's yard and encloses an area that includes the yard. Access to the structure, which was allegedly constructed by Parkset, is by hydraulic lift gates originally controlled by Parkset and presently controlled by Atlas.

Racker demonstrated his entitlement to judgment as a matter of law by showing that the abutting property at issue was owned by Parkset and that there were no specific allegations that Racker had personally undertaken any action with respect to erecting the structure (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Simms v North Shore Univ. Hosp., 192 AD2d 700 [1993]). The existence of a corporation may provide protection from personal liability, but such protection is not absolute because corporate officers may be held personally liable if they participate in the commission of a tort in furtherance of company business (see Kopec v Hempstead Gardens, 264 AD2d 714, 716 [1999]; Westminster Constr. Co. v Sherman, 160 AD2d 867 [1990]). In opposition, however, the plaintiff alleged sufficient facts from which an inference could be drawn that Parkset acted through Racker. The plaintiff's allegations, therefore, were sufficient to raise a triable issue of fact as to whether Racker participated in the commission of the trespass, and summary judgment should have been denied.

The plaintiff moved to strike the answer of the Atlas defendants on the ground that the Atlas defendants repeatedly disobeyed discovery orders. The Supreme Court granted the motion only to the extent of precluding those defendants from testifying at trial. This was a provident exercise of discretion in determining the nature and degree of the penalty to be imposed

pursuant to CPLR 3126 (*see Jaffe v Hubbard,* 299 AD2d 395 [2002]; *Grisales v City of New York,* 292 AD2d 419 [2002]; *Nicoletti v Ozram Transp.,* 286 AD2d 719 [2001]). Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.