■ PETER H. WIERNIK et al., Respondents, v PETER C. KURTH et al., Defendants, and PAULA RUDOFSKY, Appellant. [873 NYS2d 673]—

In an action, inter alia, to recover damages for breach of contract and fraudulent inducement, the defendant Paula Rudofsky appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered November 27, 2007, as denied that branch of the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) which was to dismiss the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant Paula Rudofsky is granted.

The plaintiffs, as homeowners, entered into an architectural services contract with the defendant P.C.K. Design Studio, Inc. (hereinafter PCK), care of the defendant Peter C. Kurth, as the architect, pursuant to which the architect agreed to perform architectural services in connection with certain renovations (hereinafter the project) to be made at the plaintiffs' home in Chappaqua (hereinafter the subject property). The architectural services contract was signed by the plaintiffs and Kurth for PCK.

The plaintiffs also entered into a separate construction contract with the defendant Design Works Construction, Inc. (hereinafter Design Works), care of the defendant Peter C. Kurth, as the contractor, pursuant to which the contractor agreed to provide certain construction services in connection with the project. The construction contract was signed by the plaintiffs and Kurth, as president of Design Works. The construction contract listed the defendant Peter C. Kurth Office of Architecture & Planning, P.C. (hereinafter the Office), as the architect, and the bid form attached thereto as exhibit "A" also was addressed to the Office.

Thereafter, the defendants allegedly failed to perform work in accordance with the architectural services contract and the construction contract and the plaintiffs commenced this action against, among others, PCK, the Office, and, in their individual capacities, Kurth and the defendant Paula Rudofsky (hereinafter the appellant), who was employed as an office manager by the Office. The complaint alleged, inter alia, breach of contract and fraudulent inducement. Subsequently, the defendants moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the

complaint insofar as asserted against, among others, Kurth and the appellant. The Supreme Court, inter alia, denied that branch of the motion which was to dismiss the complaint insofar as asserted against the appellant.

Contrary to the plaintiffs' contentions, the documentary evidence submitted in support of the defendants' motion, consisting, inter alia, of Kurth's affidavit and the appellant's W-2 forms, was sufficient to demonstrate that the appellant was employed by the Office as an office manager and that any work she performed concerning the project was pursuant to that employment. In addition, Kurth clearly possessed personal knowledge (*see generally Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 38 AD3d 34, 46 [2006]) of the appellant's employment status since he was the president of the entity which employed her.

To the extent the complaint alleges that the work performed under the contracts was performed in a less than skillful and workmanlike manner, it states a cause of action to recover damages for breach of contract, not negligence (*see Westminster Constr. Co. v Sherman,* 160 AD2d 867, 868 [1990]). Accordingly, where, as here, the gravamen of the complaint is breach of contract for substandard or incomplete work, the allegations merely sounded in breach of contract (*see Albstein v Elany Contr. Corp.,* 30 AD3d 210 [2006]).

Further, persons may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts (*see Westminster Constr. Co. v Sherman,* 160 AD2d 867 [1990]; *Robinson v Paramount Pictures Corp.,* 112 AD2d 208 [1985]; *Steelmasters, Inc. v Household Mfg. Co.,* 40 AD2d 963 [1972]). Since the appellant was neither a party nor signatory to either the architectural services contract or the construction contract, she cannot be held personally liable for any cause of action alleging breach of contract (*see Westminster Constr. Co. v Sherman,* 160 AD2d 867, 868 [1990]).

Similarly, to the extent that the plaintiffs allege that the appellant prepared inflated or fictitious invoices, those alleged acts also constituted breach of contract claims insofar as they were pleaded as an element of the breach of contract causes of action emanating from the purported failure of the corporate entities to perform in accordance with the subject contracts, thereby earning "unjustified fees" (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 389 [1987]; *Novelty Crystal Corp. v PSA Institutional Partners, L.P.,* 49 AD3d 113, 119 [2008]). Moreover, there was no allegation that the appellant knowingly partici-

pated in any fraudulent scheme to overcharge the plaintiffs or to convert their payments (*see e.g. AMF Inc. v Algo Distribs.*, 48 AD2d 352 [1975]).

In addition, the allegations in the complaint alleging that the plaintiffs were fraudulently induced to enter the subject contracts were solely based upon purported misrepresentations made by Kurth regarding, inter alia, his qualifications as an architect. None of the allegations regarding fraudulent inducement indicated that the appellant made any representations, false or otherwise, that induced the plaintiffs to enter into the subject contracts (*see Rothstein v Equity Ventures*, 299 AD2d 472 [2002]).

Accordingly, the Supreme Court should have granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) which was to dismiss the complaint insofar as asserted against the appellant. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.