■ LIDO BEACH TOWERS et al., Appellants, v DENIS A. MILLER INSURANCE AGENCY, INC., et al., Defendants, DENIS A. MILLER, Respondent, and KALED MANAGEMENT, INC., Appellant. [11 NYS3d 192]—

In an action to recover damages for breach of contract, injury to property, and gross negligence, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered April 25, 2014, as granted those branches of the motion of the defendant Denis A. Miller which were for summary judgment dismissing the third and fourth causes of action, and (2) so much of an order of the same court entered June 3, 2014, as granted the same relief, and the defendant Kaled Management, Inc., separately appeals, as limited by its notice of appeal and brief, from so much of the same order entered June 3, 2014, as granted that branch of the motion of the defendant Denis A. Miller which was for summary judgment dismissing the third cause of action and the cross claims that it asserted against him.

Ordered that the appeal by the plaintiffs from the order entered April 25, 2014, is dismissed, as that order was superseded by the order entered June 3, 2014 (see Matter of Cusimano v Berita Realty, LLC, 103 AD3d 719 [2013]); and it is further,

Ordered that the appeal by the defendant Kaled Management, Inc., from so much of the order entered June 3, 2014, as granted that branch of the motion of the defendant Denis A. Miller which was for summary judgment dismissing the third cause of action is dismissed, as the defendant Kaled Management, Inc., is not aggrieved by that portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order entered June 3, 2014, is affirmed insofar as appealed from by the plaintiffs and insofar as

reviewed on the appeal by the defendant Kaled Management, Inc., and it is further,

Ordered that one bill of costs is awarded to the defendant Denis A. Miller, payable by the plaintiffs and the defendant Kaled Management, Inc., appearing separately and filing separate briefs.

The plaintiffs commenced this action to recover damages for breach of contract, injury to property, and gross negligence against, among others, Denis A. Miller, individually, and Denis A. Miller Insurance Agency, Inc. (hereinafter DMA), as well as Kaled Management Inc. (hereinafter Kaled), the manager of Lido Beach Towers, a condominium building (hereinafter the subject property). The plaintiffs alleged that the subject property suffered extensive damage from Superstorm Sandy, and that the defendants failed to procure and maintain sufficient flood coverage insurance limits on the subject property. Miller moved for summary judgment dismissing the third and fourth causes of action, and all cross claims asserted against him individually. The Supreme Court granted Miller's motion. We affirm.

Corporate officers may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts (*see Stern v H. DiMarzo, Inc.*, 77 AD3d 730 [2010]; *Wiernik v Kurth*, 59 AD3d 535, 537 [2009]; *Westminster Constr. Co. v Sherman*, 160 AD2d 867, 868 [1990]; *see also Kallman v Pinecrest Modular Homes, Inc.*, 81 AD3d 692, 693 [2011]). However, corporate officers "may be held personally liable for torts committed in the performance of their corporate duties" (*Kopec v Hempstead Gardens*, 264 AD2d 714, 716 [1999]; *see Huggins v Parkset Plumbing Supply, Inc.*, 7 AD3d 672, 673 [2004]; *Westminster Constr. Co. v Sherman*, 160 AD2d at 868).

Here, Miller established his prima facie entitlement to judgment as a matter of law dismissing the third cause of action, which alleged negligence, by demonstrating that he did not engage in any independent tortious conduct with respect to the handling of the plaintiffs' insurance policy (*see Ali v Pacheco*, 19 AD3d 439, 440 [2005]). The record demonstrates that, at all relevant times, Miller was acting within the course and scope of his employment with DMA, and that any alleged negligence in failing to advise the plaintiffs of a change to the coverage provided by the subject policy was due to a failure on the part of DMA. Contrary to the plaintiffs' arguments, they failed to raise a triable issue of fact in opposition to Miller's showing (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Wine-*

*grad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

"When an agent acts on behalf of a disclosed principal, the agent will not be personally liable for a breach of contract unless there is clear and explicit evidence of the agent's intention to be personally bound" (*Weinreb v Stinchfield*, 19 AD3d 482, 483 [2005]; *see Bond Safeguard Ins. Co. v Forkosh*, 107 AD3d 750, 751 [2013]; *Ho Sports, Inc. v Meridian Sports, Inc.*, 92 AD3d 915, 916-917 [2012]; *Yellow Book of N.Y., Inc. v Shelley*, 74 AD3d 1333, 1334 [2010]). Miller further established his prima facie entitlement to judgment as a matter of law dismissing the fourth cause of action, which alleged breach of contract, by demonstrating that there was no evidence of his intent to be personally bound. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Zuckerman v City of New York*, 49 NY2d at 562).

Contrary to the plaintiffs' and Kaled's arguments, Miller's motion was not premature (*see* CPLR 3212 [f]; *Boorstein v 1261 48th St. Condominium*, 96 AD3d 703 [2012]; *Trombetta v Cathone*, 59 AD3d 526 [2009]). The plaintiffs and Kaled failed to demonstrate that discovery may lead to relevant evidence or that the facts essential to their opposition of the motion were exclusively within Miller's knowledge and control (*see Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]; *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 793 [1988]).

Kaled's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted Miller's motion for summary judgment dismissing the third and fourth causes of action and the cross claims asserted against him by Kaled. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.