■ JT QUEENS CARWASH, INC., et al., Appellants, v JDW & ASSOCIATES, INC., et al., Respondents. [45 NYS3d 100]—

In an action to recover damages for breach of contract, negligence, breach of fiduciary duty, and negligent misrepresentation, the plaintiffs appeal, as limited by their brief, from so much of a clerk's judgment of the Supreme Court, Suffolk County, entered June 9, 2014, as, upon an order of the same court (Pitts, J.) entered April 4, 2013, granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging breach of fiduciary duty and denying that branch of the plaintiffs' cross motion which was for leave to amend that cause of action by including a request for damages rather than a declaration, and upon an order of the same court dated March 11, 2014, which, upon reargument, granted those branches of the defendants' motion which were to dismiss the causes of action alleging negligence and breach of contract insofar as asserted against the defendant Jay Weiss and directed the dismissal of the cause of action alleging negligent misrepresentation insofar as asserted against the defendant Jay Weiss, is in favor of the defendants and against the plaintiffs dismissing the cause of action alleging breach of fiduciary duty insofar as asserted against the defendant JDW & Associates, Inc., and dismissing the complaint insofar as asserted against the defendant Jay Weiss.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof (1) dismissing the cause of action alleging breach of fiduciary duty insofar as asserted against the defendant JDW & Associates, Inc., and (2) dismissing the cause of action to recover damages for negligent misrepresentation insofar as asserted against the defendant Jay Weiss; as so modified, the judgment is affirmed insofar as appealed from,

without costs or disbursements, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging breach of fiduciary duty insofar as asserted against the defendant JDW & Associates, Inc., is denied, the cause of action alleging breach of fiduciary duty insofar as asserted against the defendant JDW & Associates, Inc., is reinstated, that branch of the plaintiffs' cross motion which was for leave to amend the cause of action alleging breach of fiduciary duty insofar as asserted against the defendant JDW & Associates, Inc., is granted, the cause of action alleging negligent misrepresentation insofar as asserted against the defendant Jay Weiss is reinstated, and the orders entered April 4, 2013, and March 11, 2014, are modified accordingly.

The plaintiffs, Frank Roman and JT Queens Carwash, Inc., a corporation that he owns, commenced this action against the defendant insurance brokers, JDW & Associates, Inc. (hereinafter JDW), and Jay Weiss, who is the owner and president of JDW, individually, alleging, inter alia, that certain insurance policies procured by the defendants on the plaintiffs' behalf failed to name the plaintiffs' landlord as an additional insured. The complaint further alleged that the defendants issued a certificate of insurance falsely stating that the plaintiffs' landlord had been added as an additional insured on one of the policies. Insofar as relevant to this appeal, the complaint asserted causes of action sounding in breach of contract, negligence, breach of fiduciary duty, and negligent misrepresentation.

The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging breach of fiduciary duty, and to dismiss the complaint insofar as asserted against Weiss individually. The plaintiffs cross-moved, inter alia, for leave to amend the complaint in order to include requests for damages for the causes of action based on breach of contract, negligence, breach of fiduciary duty, and negligent misrepresentation. In an order entered April 4, 2013, the Supreme Court granted that branch of the defendants' motion which was to dismiss the cause of action alleging breach of fiduciary duty, and denied that branch of the plaintiffs' cross motion which was for leave to amend the cause of action alleging breach of fiduciary duty. The Supreme Court also denied the branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Weiss.

The plaintiffs moved, inter alia, for leave to reargue that branch of the defendants' motion which was to dismiss the cause of action alleging breach of fiduciary duty and that

branch of their cross motion which was for leave to amend that cause of action. The defendants cross-moved, among other things, for leave to reargue those branches of their motion which were to dismiss the causes of action to recover damages for negligence and breach of contract insofar as asserted against Weiss individually. The Supreme Court denied the plaintiffs' motion for leave to reargue. The Supreme Court granted the defendants' cross motion for leave to argue, and, thereupon, granted those branches of the defendants' motion which were to dismiss the causes of action alleging negligence and breach of contract insofar as asserted against Weiss, and also directed dismissal of the cause of action alleging negligent misrepresentation insofar as asserted against Weiss. The court then entered a judgment to that effect, and the plaintiffs appeal.

Corporate officers may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts (*see Stamina Prods., Inc. v Zintec USA, Inc.*, 90 AD3d 1021 [2011]; *Stern v H. DiMarzo, Inc.*, 77 AD3d 730 [2010]; *Wiernik v Kurth*, 59 AD3d 535, 537 [2009]; *Westminster Constr. Co. v Sherman*, 160 AD2d 867, 868 [1990]; *see also Kallman v Pinecrest Modular Homes, Inc.*, 81 AD3d 692, 693 [2011]). However, corporate officers "may be held personally liable for torts committed in the performance of their corporate duties" (*Kopec v Hempstead Gardens*, 264 AD2d 714, 716 [1999]; *see Huggins v Parkset Plumbing Supply, Inc.*, 7 AD3d 672, 673 [2004]; *Westminster Constr. Co. v Sherman*, 160 AD2d at 868).

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), "the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Simos v Vic-Armen Realty, LLC*, 92 AD3d 760, 761 [2012] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Here, the Supreme Court erred in determining, upon reargument, that the complaint failed to state a cause of action sounding in negligent misrepresentation against Weiss individually. Apart from the fact that the defendants did not seek, upon reargument, to dismiss that cause of action insofar as asserted against Weiss, we note that the complaint, as amplified by the evidentiary materials submitted by the plaintiffs, alleged that Weiss personally signed a certificate of insurance falsely stating that the plaintiffs' landlord had been

added as an additional insured on a certain commercial general liability insurance policy, and forwarded this certificate to the plaintiffs, knowing that it was required by the plaintiffs' landlord. This is sufficient, for purposes of CPLR 3211 (a) (7), to state a cause of action against Weiss, based on his personal participation in the commission of a tort (*see Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc.*, 52 AD3d 674, 677 [2008]). Accordingly, the Supreme Court should not have dismissed that cause of action.

The Supreme Court properly determined that the complaint failed to state causes of action for negligence and breach of contract against Weiss individually. Apart from Weiss's alleged participation in the issuance of a false certificate of insurance (which forms the basis of the negligent misrepresentation cause of action), the complaint failed to allege that Weiss engaged in any independent tortious conduct that could give rise to his personal liability (*see PDK Labs, Inc. v G.M.G. Trans W. Corp.*, 101 AD3d 970, 973 [2012]). Additionally, the complaint failed to allege that Weiss purported to be personally liable to the plaintiffs under any alleged contract entered into by JDW (*see Stamina Prods., Inc. v Zintec USA, Inc.*, 90 AD3d 1021 [2011]; *Westminster Constr. Co. v Sherman*, 160 AD2d 867 [1990]). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the causes of action for negligence and breach of contract insofar as asserted against Weiss individually.

However, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the cause of action alleging breach of fiduciary duty insofar as asserted against JDW. The common-law rule is that "an insurance broker acting as an agent of its customer has a duty of reasonable care to the customer to obtain [specifically] requested coverage within a reasonable time after the request, or to inform the customer of the agent's inability to do so, [but] the agent owes no continuing duty to advise, guide or direct the customer insured to obtain additional coverage" (*Hjemdahl-Monsen v Faulkner*, 204 AD2d 516, 517 [1994] [internal quotation marks omitted]; *see Voss v Netherlands Ins. Co.*, 22 NY3d 728 [2014]; *Murphy v Kuhn*, 90 NY2d 266, 270 [1997]). However "[w]here a special relationship develops between the broker and client, . . . [the] broker may be liable, even in the absence of a specific request, for failing to advise or direct the client to obtain additional coverage" (*Voss v Netherlands Ins. Co.*, 22 NY3d at 735; *see Murphy v Kuhn*, 90 NY2d at 272-273). The Court of Appeals has identified three "exceptional situa-

tions" which may give rise to such a special relationship: " '(1) the agent receives compensation for consultation apart from payment of the premiums; (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent; or (3) there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on' " (*Voss v Netherlands Ins. Co.*, 22 NY3d at 735, quoting *Murphy v Kuhn*, 90 NY2d at 272).

Here, contrary to the defendants' contention, the complaint sufficiently alleged that there was a course of dealing between JDW and the plaintiffs over an extended period of time, which may have given rise to a special relationship between them (*see Freundlich v Pacific Indem. Co.*, 137 AD3d 967 [2016]; *South Bay Cardiovascular Assoc., P.C. v SCS Agency, Inc.*, 105 AD3d 939 [2013]; *Axis Constr. Corp. v O'Brien Agency, Inc.*, 87 AD3d 1092, 1094 [2011]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the cause of action for breach of fiduciary duty insofar as asserted against JDW. For the same reason, the Supreme Court also erred in denying that branch of the plaintiffs' cross motion which was for leave to amend the cause of action alleging breach of fiduciary duty insofar as asserted against JDW (*see Tirpack v 125 N. 10, LLC*, 130 AD3d 917, 919 [2015]).

The defendants' remaining contention is without merit. Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.