■ GREGG HARTNAGEL, Respondent, v FTW CONTRACTING, Defendant, and METROPOLITAN FURNITURE & CONSTRUCTION CORP. et al., Appellants. [47 NYS3d 96]—

In an action to recover damages for personal injuries, the defendants Metropolitan Furniture & Construction Corp. and Asher Benshar appeal from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), entered October 3, 2014, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, or, in the alternative, to dismiss the complaint insofar as asserted against the defendant Asher Benshar, and granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for injuries allegedly sustained by him in connection with a construction accident that occurred in Great Neck. The complaint alleged that the accident occurred at 50 North Road. The defendants Metropolitan Furniture & Construction Corp. and Asher Benshar (hereinafter individually Metropolitan and Benshar, and together the defendants) moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them. They contended that they never performed any work at 50 North Road in Great Neck. They alternatively moved for the same relief with respect to Benshar, contending that he acted solely in his corporate capacity as an executive of Metropolitan. In support of their motion, the defendants submitted, among other things, Benshar's affidavit, a printout from the New York State Department of State, Division of Corporations, which lists Benshar as the

chief executive officer of Metropolitan, and the purported contract between Metropolitan and the nonparties on whose premises Metropolitan performed work at 48 North Road. The plaintiff cross-moved for leave to amend the complaint to change the alleged location of the accident from 50 North Road to 48 North Road, and opposed the defendants' motion. The Supreme Court, inter alia, granted the plaintiff's cross motion to amend the complaint, and denied the subject branches of the defendants' motion. The defendants appeal.

The Supreme Court providently exercised its discretion in granting the plaintiff's cross motion for leave to amend the complaint, as his proposed amendments were neither palpably insufficient nor patently devoid of merit, and did not prejudice or surprise any defendant (see CPLR 3025 [b]; *Cortes v Jing Jeng Hang*, 143 AD3d 854 [2016]).

Since the amended complaint alleges that the accident location was 48 North Road, where Metropolitan admittedly performed work as the general contractor, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them on the ground that they did not perform work at the site of the accident was properly denied.

The Supreme Court also properly denied the alternative branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against Benshar. "A motion to dismiss a complaint based on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Anderson v Armentano*, 139 AD3d 769, 770 [2016] [internal quotation marks omitted]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1128 [2009]). "To qualify as documentary evidence, the evidence 'must be unambiguous and of undisputed authenticity' " (*Anderson v Armentano*, 139 AD3d at 770-771, quoting *Fontanetta v John Doe 1*, 73 AD3d 78, 86 [2010]). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable," qualify as documentary evidence in proper cases; however, affidavits and letters are not considered documentary evidence (*Anderson v Armentano*, 139 AD3d at 771 [internal quotation marks and brackets omitted]; *see Fontanetta v John Doe 1*, 73 AD3d at 85). While a court is permitted to consider evidentiary material submitted by a de-

fendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), such evidence may only be considered to determine whether the plaintiff "has a cause of action, not whether he has stated one" (see *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; see also *Dolphin Holdings, Ltd. v Gander & White Shipping, Inc.*, 122 AD3d 901, 902 [2014]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "[A]ffidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (*Dolphin Holdings, Ltd. v Gander & White Shipping, Inc.*, 122 AD3d at 902).

"Corporate officers may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts" (*Lido Beach Towers v Denis A. Miller Ins. Agency, Inc.*, 128 AD3d 1025, 1026 [2015]; see *Stern v H. DiMarzo, Inc.*, 77 AD3d 730 [2010]). Corporate officers "may be held personally liable for torts committed in the performance of their corporate duties" (*Lido Beach Towers v Denis A. Miller Ins. Agency, Inc.*, 128 AD3d at 1026).

Here, Benshar's affidavit is not documentary evidence pursuant to CPLR 3211 (a) (1), and the affidavit did not conclusively establish that a fact alleged in the complaint was undisputedly not a fact at all (see *Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682, 683 [2012]; see also *Dolphin Holdings, Ltd. v Gander & White Shipping, Inc.*, 122 AD3d at 902). The defendants' other evidentiary submissions were insufficient to utterly refute the plaintiff's factual allegations. As the Supreme Court properly determined, the signatures on the copy of the contract were barely legible, and, therefore, failed to conclusively establish that Benshar did not purport to bind himself personally under the contract. Moreover, Benshar's evidentiary submissions did not utterly refute the plaintiff's allegations of negligence and violation of various provisions of the Labor Law. Accordingly, the court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Benshar. Chambers, J.P., Cohen, Maltese and Barros, JJ., concur.