Cheryl Schussheim, as Executrix 
 of the Estate of Shirley Schussheim, Deceased, Appellant, 
against
Richard Snitkoff, Doing Business as J & R Transporting, Defendant, and Able Salvage Corp. and Nick Vlahakis, Respondents.



Appeal from a judgment of the District Court of Nassau County, Second District (Scott H. Siller, J.), entered August 28, 2014. The judgment, insofar as appealed from, after an inquest, dismissed so much of the action as was against defendants Able Salvage Corp. and Nick Vlahakis.




ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff and against defendants Able Salvage Corp. and Nick Vlahakis in the principal sum of $2,697.
In this small claims action, Cheryl Schussheim (plaintiff), as executrix of the estate of her mother, Shirley Schussheim, deceased, seeks to recover the principal sum of $5,000, based upon defendants' alleged conversion of a 1993 Jeep Grand Cherokee vehicle in 2010. Following an initial trial, the District Court dismissed the action. By order dated April 30, 2014, this court modified the judgment by vacating the dismissal of the action against defendant Able Salvage Corp., upon a finding that Able Salvage Corp. had converted the vehicle, and remitted the matter to the District Court for a new trial limited to the issue of damages on plaintiff's cause of action against Able Salvage Corp. (43 Misc 3d 139[A], 2014 NY Slip Op 50787[U]).
Plaintiff's subsequent, unopposed, motion to amend the caption to include Nick Vlahakis, the vice president of defendant Able Salvage Corp., as a defendant was granted and the matter was set down for a new trial, at which neither defendant Able Salvage Corp. nor defendant Nick Vlahakis appeared. At an inquest, plaintiff explained that, because the vehicle had been "junked" by defendant Vlahakis, she had been unable to obtain a precise valuation of the vehicle. She testified, however, as to the good condition of the vehicle's body and its low mileage at the time of its conversion in 2010, and presented Kelley Blue Book valuations for somewhat comparable vehicles. Following the inquest, the action was dismissed.
As "corporate officers may be held personally liable for torts committed in the performance of their corporate duties' " (Lido Beach Towers v Denis A. Miller Ins. Agency, Inc., [*2]128 AD3d 1025, 1026 [2015], quoting Kopec v Hempstead Gardens, 264 AD2d 714, 716 [1999]), Vlahakis was properly joined as a defendant in this action and was liable, with defendant Able Salvage Corp., for conversion. While it was incumbent on plaintiff to prove the value of the vehicle at the time and place of the conversion (see Fantis Foods, Inc. v Standard Importing Co., 49 NY2d 317, 326 [1980]; see also Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc., 52 AD3d 674, 676 [2008]), since plaintiff provided information as to the year, make and model of the destroyed vehicle, and its body condition (cf. Kante v Queens Medallion Leasing, Inc., 46 Misc 3d 139[A], 2015 NY Slip Op 50087[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), as well as Kelley Blue Book valuations for somewhat comparable vehicles, we conclude that plaintiff's evidence was adequate for the court to make a finding as to damages, and that the dismissal of the action as against defendants Able Salvage Corp. and Nick Vlahakis failed to render substantial justice between the parties (see UDCA 1804, 1807). At the inquest, plaintiff proved that the converted vehicle was worth $2,697 and, thus, she was entitled to recover that sum from defendants Able Salvage Corp. and Nick Vlahakis.
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff and against defendants Able Salvage Corp. and Nick Vlahakis in the principal sum of $2,697.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: May 23, 2017