Board of Mgrs. of 285 Driggs Ave. Condominium v 285 Driggs Ave., LLC (2019 NY Slip Op 04672)





Board of Mgrs. of 285 Driggs Ave. Condominium v 285 Driggs Ave., LLC


2019 NY Slip Op 04672


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-00024
 (Index No. 18252/11)

[*1]Board of Managers of 285 Driggs Avenue Condominium, et al., plaintiffs, 
v
285 Driggs Avenue, LLC, et al., defendants third-party plaintiffs/second third-party plaintiffs- respondents, et al., defendants; Alaska Cooling, Inc., et al., third-party defendants; Ralf Meyer, second third-party defendant-appellant, et al., second third-party defendant.


Ira Daniel Tokayer, New York, NY, for second third-party defendant-appellant.
Goldberg Weg & Markus, PLLC, New York, NY (Steven A. Weg of counsel), for defendants third-party plaintiffs/second third-party plaintiffs-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the second third-party defendant Ralf Mayer appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated September 28, 2017. The order, insofar as appealed from, denied his motion pursuant to CPLR 3211(a)(1) and(7) to dismiss the second third-party complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action to recover damages arising from the allegedly deficient construction of the condominium building and individual units located at 285 Driggs Avenue in Brooklyn. The defendants include 285 Driggs Avenue, LLC, the sponsor of the condominium development, and its sole member, Aaron Tyrnauer (hereinafter together the Driggs parties).
The Driggs parties commenced a third-party action against, among others, RMB Codeworks Corp. (hereinafter RMB), alleging that they retained RMB to design the condominium building and supervise the means and methods of construction. The Driggs parties subsequently commenced a second third-party action against, among others, the appellant Ralf Mayer, alleging that Mayer was hired to design certain aspects of the building and to supervise the means and methods of construction. The second third-party complaint contains causes of action for common-law indemnification and contribution. Mayer moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the second third-party complaint insofar as asserted against him. In an order dated September 28, 2017, the Supreme Court, inter alia, denied Mayer's motion. Mayer appeals from so much of the order as denied his motion.
A motion pursuant to CPLR 3211(a)(1) to dismiss causes of action based upon [*2]documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Hartnagel v FTW Contr., 147 AD3d 819, 820; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "To qualify as documentary evidence, the evidence must be unambiguous and of undisputed authenticity'" (Matter of Koegel, 160 AD3d 11, 20-21, quoting Fontanetta v John Doe 1, 73 AD3d 78, 86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Matter of Koegel, 160 AD3d at 21 [internal quotation marks omitted]). However, affidavits are not considered documentary evidence (see Hartnagel v FTW Contr., 147 AD3d at 820; Fontanetta v John Doe 1, 73 AD3d at 86).
"When determining a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory, and may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Gaskin v Harris, 98 AD3d 941, 942-943 [citations and internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 88). Affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that the plaintiff has no cause of action (see Lawrence v Graubard Miller, 11 NY3d 588, 595; Hartnagel v FTW Contr., 147 AD3d at 821; Sokol v Leader, 74 AD3d at 1182). "[A] motion to dismiss pursuant to CPLR 3211(a)(7) must be denied unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it'" (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d at 275).
Here, the second third-party complaint, together with an affirmation from Tyrnauer, sufficiently alleged causes of action for common-law indemnification and contribution against Mayer personally (see Gaskin v Harris, 98 AD3d at 943; Dollard v WB/Stellar IP Owner, LLC, 96 AD3d 533, 533-534). The second third-party complaint, as amplified by Tyrnauer's affirmation, alleged that the Driggs parties hired Mayer in his personal capacity to supervise the means and methods of construction of the condominium development. An affidavit submitted by Mayer is not documentary evidence pursuant to CPLR 3211(a)(1), and the affidavit did not conclusively establish that a fact alleged in the second third-party complaint was undisputedly not a fact at all (see Hartnagel v FTW Contr., 147 AD3d at 821). Contrary to Mayer's contentions, a contract purportedly between RMB and the Driggs parties submitted by Mayer did not utterly refute the Driggs parties' factual allegations that they retained Mayer in his personal capacity to perform work allegedly outside the scope of the Driggs parties' contract with RMB (see Hartnagelv FTW Contr., 147 AD3d at 821; Marom v Anselmo, 90 AD3d 622, 623-624; Schetty v Target Corp., 88 AD3d 984, 985). Accordingly, we agree with the Supreme Court's determination to deny Mayer's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the second third-party complaint insofar as asserted against him.
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court