[14 NYS3d 700]

In the Matter of Frank Adipietro, a Suspended Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, August 12, 2015

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michele Filosa* of counsel), for petitioner.
*Frank Adipietro*, Hempstead, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent has submitted an affidavit sworn to on April 23, 2015, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). The respondent acknowledges that he is presently the subject of 16 complaints of professional misconduct filed by clients or former clients with the Grievance Committee for the Tenth Judicial District, 11 of which were included within the charges presented in the verified petition dated September 22, 2014. In sum and substance, these complaints allege that the respondent neglected or acted incompetently with respect to client legal matters; intentionally failed to seek the lawful objectives of his clients or former clients, thereby prejudicing or injuring the clients or former clients during the course of his representation; regularly and systematically lied to his clients or former clients concerning his activities and the status of their legal matters, as well as his intention to refund unearned fees or remit to them other funds to which they were entitled; misappropriated funds entrusted to him for his own use and benefit; and failed to refund unearned fees. Further, the respondent acknowledges that between October 2014 and March 2015, five additional complaints of professional misconduct were filed with the Grievance Committee against him by clients or former clients alleging similar misconduct. The respondent acknowledges that he cannot successfully defend himself on the merits against the pending disciplinary charges, or charges predicated upon the foregoing complaints.

The respondent avers that his resignation is freely and voluntarily tendered, and that he is not being subjected to coercion or duress by anyone. The respondent has discussed his decision to resign with persons whose advice and counsel he

respects, and is fully aware of the implications of the same, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for a minimum period of seven years.

The resignation is submitted subject to any application that may be made by the Grievance Committee for an order directing that the respondent make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). The respondent acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court accept the proffered resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, DILLON and HALL, JJ., concur.

Ordered that the resignation of Frank Adipietro, a suspended attorney, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Frank Adipietro, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Frank Adipietro, a suspended attorney, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Frank Adipietro, a suspended attorney, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Frank Adipietro, a suspended attorney, has been issued a secure pass by the Office of Court Administra-

tion, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated March 6, 2015 is discontinued.