■ RICHARD FREUNDLICH, Respondent, v PACIFIC INDEMNITY COMPANY, Defendant, and FOA & SON CORPORATION, Appellant. [27 NYS3d 629]—

In an action, inter alia, to recover damages for negligent procurement of insurance coverage, the defendant Foa & Son Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.),

dated August 7, 2014, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against, among others, Foa & Son Corporation (hereinafter Foa), a company that the plaintiff allegedly used for personal insurance brokerage and risk management services. Insofar as asserted against Foa, the complaint alleged that Foa negligently failed to advise the plaintiff to obtain workers' compensation insurance, and negligently failed to procure such insurance, after being informed that the plaintiff hired workers at his home. Foa moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. In the order appealed from, the Supreme Court, among other things, denied that branch of Foa's motion. Foa appeals from that portion of the order.

"In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), a court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Igneri v Igneri*, 125 AD3d 813, 813-814 [2015]; *see Trotta v Ollivier*, 91 AD3d 8, 11-12 [2011]; *Spector v Wendy*, 63 AD3d 820, 821 [2009]). In opposition to a motion to dismiss pursuant to CPLR 3211 (a) (7), the plaintiff may submit an affidavit to remedy any defects in the complaint (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]).

Generally, "insurance brokers have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (*Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014] [internal quotation marks omitted]). However, "situations may arise in which insurance agents, through their conduct or by express or implied contract with customers and clients, may assume or acquire duties in addition to those fixed at common law" (*id.* at 735 [internal quotation marks omitted]).

Here, accepting the allegations in the complaint, as amplified by the plaintiff's affidavit, as true, and according the plaintiff the benefit of every possible favorable inference, the plaintiff sufficiently alleged the existence of a special relationship between Foa and the plaintiff so as to give rise to a duty

to advise (*see Voss v Netherlands Ins. Co.*, 22 NY3d at 735-736; *Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]; *South Bay Cardiovascular Assoc., P.C. v SCS Agency, Inc.*, 105 AD3d 939, 942 [2013]; *Lynch v McQueen*, 309 AD2d 790, 791-792 [2003]). Accordingly, the Supreme Court properly denied that branch of Foa's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.