■ Fox Paine & Company, LLC, et al., Appellants-Respondents, v Houston Casualty Company, Respondent-Appellant, and Professional Indemnity Agency, Inc., et al., Respondents. [60 NYS3d 294]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), dated November 24, 2014, as granted those branches of the motion of the defendant Equity Risk Partners, Inc., which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging fraud, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty insofar as asserted against it, and granted those branches of the motion of the defendants Houston Casualty Company and Professional Indemnity Agency, Inc., which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging fraud and aiding and abetting a breach of fiduciary duty insofar as asserted against them, and the defendant Houston Casualty Company cross-appeals from so much of the same order as denied those branches of its motion, made jointly with the defendant Professional Indemnity Agency, Inc., which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the causes of action alleging breach of contract and breach of the covenant of good faith and fair dealing insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the motion of the defendant Equity Risk Partners, Inc., which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging fraud, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty insofar as asserted against it and those branches of the motion of the defendants Houston Casualty Company and Professional Indemnity Agency, Inc., which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging fraud and aiding and abetting a breach of fiduciary duty insofar as asserted against them are denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Fox Paine & Company, LLC (hereinafter FPC), was a private equity financial firm. The plaintiff Saul A. Fox was the founder and chief executive officer of FPC. FPC engaged the defendant Equity Risk Partners, Inc. (hereinafter Equity Risk), to act as its insurance broker and procure insurance for it. The defendant Houston Casualty Company (hereinafter Houston Casualty) issued a Private Equity Professional Insurance Policy to FPC with a term from December 30, 2006, to December 30, 2007 (hereinafter the insurance policy). The

limit on the insurance policy was $10,000,000, and there were several additional insureds, including Fox and other executives.

W. Dexter Paine III served as president of FPC. Paine eventually started his own firm named Paine & Partners, LLC (hereinafter Paine & Partners). The plaintiffs and Paine had entered into an agreement which allowed Paine & Partners and FPC to jointly employ the executives of FPC. FPC, Fox, Paine, Paine & Partners, and others became involved in litigation in Delaware, which was settled in December 2007, without any insurance contribution.

On November 6, 2007, Amy Ghisletta, who had also worked at Paine & Partners pursuant to the aforementioned agreement, allegedly submitted a claim to Equity Risk in her capacity as FPC's chief financial officer, seeking coverage under the insurance policy (hereinafter the insurance claim) in connection with the litigation in Delaware. According to the plaintiffs, at the time the insurance claim was submitted, Ghisletta was no longer employed by or loyal to FPC, but despite their knowledge of this, Equity Risk and Houston Casualty, among others, continued to take direction from Ghisletta regarding the insurance claim. Houston Casualty ultimately paid $10,000,000 on the insurance claim to Paine & Partners and others aligned with it. The plaintiffs allegedly were not aware of the insurance claim until after it was paid and the plaintiffs received none of the proceeds of the policy. The plaintiffs commenced the instant action, inter alia, to recover damages for breach of contract, fraud, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and breach of the covenant of good faith and fair dealing, against Equity Risk, Houston Casualty, and Professional Indemnity Agency, Inc. (hereinafter Professional Indemnity), which was Houston Casualty's agent. An amended complaint was thereafter filed.

Equity Risk moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it, and Houston Casualty and Professional Indemnity moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint insofar as asserted against them. In an order dated November 24, 2014, the Supreme Court, inter alia, granted those branches of Equity Risk's motion which were to dismiss the causes of action alleging fraud, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty insofar as asserted against it, granted those branches of the motion of Houston Casualty and Professional Indemnity which were to dismiss the causes of action alleging fraud and aiding and abetting a breach of fi-

duciary duty insofar as asserted against them, and denied those branches of the motion of Houston Casualty and Professional Indemnity which were to dismiss the causes of action alleging breach of contract and breach of the covenant of good faith and fair dealing insofar as asserted against Houston Casualty. The plaintiffs appeal and Houston Casualty cross-appeals.

In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must afford the pleading a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Integrated Constr. Servs., Inc. v Scottsdale Ins. Co., 82 AD3d 1160 [2011]; Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010]).

Here, the Supreme Court erred in granting that branch of Equity Risk's motion which was to dismiss the breach of fiduciary duty cause of action asserted against it. A fiduciary relationship exists when one party is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relationship (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933 [2011]). Such a relationship, necessarily fact-specific, is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d at 19; Northeast Gen. Corp. v Wellington Adv., 82 NY2d 158, 162 [1993]). While courts generally look to the parties' contractual agreement to discover the nature of their relationship, the existence of a fiduciary relationship is not dependent solely upon an agreement or contractual relation (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d at 20). Rather, the actual relationship between the parties determines the existence of a fiduciary duty (see id.). Here, the Supreme Court erred in concluding that the amended complaint failed to state a cause of action alleging breach of fiduciary duty against Equity Risk. The amended complaint alleged the existence of a special relationship which gave rise to a fiduciary duty on behalf of Equity Risk to the plaintiffs and a breach of that duty. Accepting the truth of the plaintiffs' allegations, they advance a viable claim for breach of fiduciary duty against Equity Risk (see Birnbaum v Birnbaum, 73 NY2d 461, 465-466 [1989]; JT Queens Carwash, Inc. v JDW & Assoc., Inc., 144 AD3d 750, 753-754 [2016]; Freundlich v Pacific Indem. Co.,

137 AD3d 967, 968-969 [2016]; *Tzolis v Wolff*, 39 AD3d 138 [2007], *affd* 10 NY3d 100 [2008]; *Salm v Feldstein*, 20 AD3d 469 [2005]). Similarly, contrary to the Supreme Court's determination, the plaintiffs have sufficiently stated a cause of action for aiding and abetting a breach of fiduciary duty against Houston Casualty and Professional Indemnity, as well as Equity Risk (*see Tzolis v Wolff*, 39 AD3d 138 [2007]).

The Supreme Court also erred in granting those branches of the respective motions which were to dismiss the fraud cause of action insofar as asserted against each of the defendants. The elements of a cause of action to recover damages for fraud are (1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages (*see Swartz v Swartz*, 145 AD3d 818 [2016]; *Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 892 [2015]). To sustain a cause of action alleging fraudulent concealment, the plaintiff must allege that the defendant had a duty to disclose the material information (*see Swartz v Swartz*, 145 AD3d 818 [2016]; *Bannister v Agard*, 125 AD3d 797, 798 [2015]). Here, the amended complaint alleged all the elements of fraud and showed a duty to disclose upon which the fraudulent concealment claim could be based.

The Supreme Court properly determined that, when accepting the truth of the plaintiffs' allegations, the amended complaint stated a cause of action for breach of contract and breach of the covenant of good faith and fair dealing against Houston Casualty, and thus, those branches of Houston Casualty and Professional Indemnity's motion which were pursuant to CPLR 3211 (a) (7) to dismiss those causes of action insofar as asserted against Houston Casualty were properly denied.

Furthermore, the Supreme Court properly denied those branches of Houston Casualty and Professional Indemnity's motion which were pursuant to CPLR 3211 (a) (1) to dismiss the causes of action alleging breach of contract and breach of the covenant of good faith and fair dealing insofar as asserted against Houston Casualty based on documentary evidence. A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2010]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]). In order for evidence to qualify as documentary, it

must be unambiguous, authentic, and undeniable (*see Granada Condominium III Assn. v Palomino*, 78 AD3d at 996-997). Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1) (*see id.* at 997). Accordingly, the letters from the attorney and claims services relied upon by Houston Casualty do not constitute documentary evidence for the purposes of CPLR 3211 (a) (1). Additionally, the insurance policy, which does constitute documentary evidence, did not utterly refute the factual allegations of the complaint and did not conclusively establish a defense to the claims as a matter of law.

Accordingly, the Supreme Court properly denied those branches of the motion of Houston Casualty and Professional Indemnity which were to dismiss the causes of action alleging breach of contract and breach of the covenant of good faith and fair dealing insofar as asserted against Houston Casualty, but should have denied those branches of Equity Risk's motion which were to dismiss the causes of action alleging fraud, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty insofar as asserted against it and those branches of the motion of Houston Casualty and Professional Indemnity which were to dismiss the causes of action alleging fraud and aiding and abetting a breach of fiduciary duty insofar as asserted against them. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.