Derosa v Estate of Iannazzo (2020 NY Slip Op 04917)





Derosa v Estate of Iannazzo


2020 NY Slip Op 04917


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-12014
 (Index No. 33741/17)

[*1]Giorgan Derosa, appellant,
v
Estate of Charles Iannazzo, et al., respondents.


Wayne A. Gavioli, P.C., Nanuet, NY, for appellant.
David I. Grauer, White Plains, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated August 3, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the second cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the second cause of action is denied.
The plaintiff was married to Charles Iannazzo, and, in August 2013, they were divorced by a judgment which incorporated but did not merge a settlement agreement dated June 6, 2013, and an addendum to the settlement agreement dated July 29, 2013 (hereinafter together the agreement and addendum). Pursuant to the agreement and addendum, Iannazzo agreed to pay weekly maintenance to the plaintiff until June 2020, and pay for the plaintiff's health insurance and prescription policies until June 2023. The agreement and addendum also provided that if Iannazzo died prior to the completion of these payments, then funds in a certain Charles Schwab account owned by Iannazzo would be used to make the payments, and that, in the event there were insufficient funds in that account to complete the payments, Iannazzo's "estate [would] be liable and responsible for any remaining payments due and owing." The parties acknowledged that the marital residence in Rockland County (hereinafter the property) was Iannazzo's separate property, and the plaintiff waived any rights or interest in the property.
In May 2017, the property was transferred to the defendant Charles V. Iannazzo Living Trust (hereinafter the Trust). Iannazzo died in July 2017. Thereafter, the plaintiff commenced this action, inter alia, to obtain a constructive trust over the assets contained in the Trust, alleging that Iannazzo's children, the trustees of the Trust, caused all of Iannazzo's assets to be placed in the Trust, thereby depleting his estate to avoid Iannazzo's obligations to her pursuant to the agreement and addendum.
The defendants moved, among other things, in effect, pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, which seeks the imposition of a constructive trust over the assets in the Trust, for failure to state a cause of action. The Supreme Court granted that branch of [*2]the defendants' motion, and the plaintiff appeals.
The Supreme Court should have denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the second cause of action. In considering a motion to dismiss pursuant to CPLR 3211(a)(7), a court should accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (see Freundlich v Pacific Indem. Co., 137 AD3d 967, 968). The role of the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see Freundlich v Pacific Indem. Co., 137 AD3d at 968).
The purpose of a constructive trust is to prevent unjust enrichment (see Simonds v Simonds, 45 NY2d 233, 242). Accordingly, " the constructive trust doctrine is given broad scope to respond to all human implications of a transaction in order to give expression to the conscience of equity and to satisfy the demands of justice'" (Kaprov v Stalinsky, 145 AD3d 869, 872, quoting Ning Xiang Liu v Al Ming Chen, 133 AD3d 644, 645). " A constructive trust is an equitable remedy, and may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest'" (Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691, quoting Rowe v Kingston, 94 AD3d 852, 853).
Moreover, an agreement between spouses, such as the agreement and addendum here, involve a fiduciary relationship requiring the utmost good faith (see Petracca v Petracca, 101 AD3d 695, 697). Since the agreement and addendum provide that, if necessary, the plaintiff could use the assets of Iannazzo's estate to satisfy his obligations to her, and, thereafter, all of Iannazzo's assets were transferred to the Trust before his death, his estate can provide no relief to the plaintiff and the obligations she is owed pursuant to the agreement and addendum will not be met. The plaintiff therefore adequately states a cause of action that the defendants would be unjustly enriched if the Trust is allowed to retain the portion of the assets now owned by the Trust that would satisfy the unmet obligations of Iannazzo and his estate pursuant to the agreement and addendum (see Simonds v Simonds, 45 NY2d at 242-243).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(7) to dismiss the second cause of action.
In light of our determination, we need not reach the parties' remaining contentions.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court