Big Blue Prods., Inc. v Arlia (2020 NY Slip Op 06086)





Big Blue Prods., Inc. v Arlia


2020 NY Slip Op 06086


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-00566
 (Index No. 608574/17)

[*1]Big Blue Products, Inc., appellant,
v
Joseph Arlia, respondent, et al., defendants.


Nixon Peabody LLP, New York, NY (Daniel A. Schnapp of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered December 8, 2017. The order granted the motion of the defendant Joseph Arlia pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Joseph Arlia pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him is denied.
The plaintiff commenced this action to recover damages, inter alia, for breach of contract against the defendants Joseph Arlia and Ticketwish Inc., doing business as eCommerce Sales Consultants (hereinafter eCommerce), among others. The complaint alleged that the plaintiff had entered into a binding contractual agreement with Arlia and eCommerce to provide technical consulting advice regarding the plaintiff's web-based e-commerce system and that the defendants breached that agreement.
Arlia moved pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him, contending that, although he is a principal of eCommerce, he had no contractual relationship with the plaintiff in his individual capacity. In support of his motion, Arlia submitted his own affidavit, copies of numerous invoices billed to the plaintiff by eCommerce, and multiple checks issued by the plaintiff made payable to eCommerce. By order entered December 8, 2017, the Supreme Court granted Arlia's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him. The plaintiff appeals. We reverse.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677, citing Goshen v Mutual Life Ins. Co. of New York, 98 NY2d 314, 326). Affidavits, deposition testimony, and letters are not considered documentary evidence within the intendment of CPLR 3211(a)(1) (see Fox Paine & Co., LLC, 153 AD3d at 678; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997). "In order for evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable" (Fox Paine & Co., LLC, 153 [*2]AD3d at 677-678, citing Granada Condominium III Assn. v Palomino, 78 AD3d at 996-997).
Here, the affidavit submitted by Arlia is not "documentary evidence" within the meaning of CPLR 3211(a)(1) and should not have been considered by the Supreme Court in determining Arlia's motion (see Hartnagel v FTW Contr., 147 AD3d 819, 821; Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 809). To the extent that the other documents submitted by Arlia may constitute documentary evidence since the plaintiff did not dispute the authenticity of the same, such invoices and checks did not utterly refute the factual allegations of the complaint and did not conclusively establish the lack of a contractual agreement between the plaintiff and Arlia in his individual capacity (see Furman v Wells Fargo Home Mtge., Inc., 105 AD3d 807, 809-810).
Arlia's submissions also did not conclusively establish a defense to the causes of action sounding in quasi contract and common-law negligence (see Soller v Dahan, 173 AD3d 803, 805-806; Aponte v Estate of Aponte, 172 AD3d 970, 974-975).
Accordingly, Arlia's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him should have been denied.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court