Paraco Gas Corp. v Jay Z. Gerlitz & Assoc., Inc. (2024 NY Slip Op 01192)

Paraco Gas Corp. v Jay Z. Gerlitz & Assoc., Inc.

2024 NY Slip Op 01192

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-07210
 (Index No. 51723/20)

[*1]Paraco Gas Corporation, appellant, 
v
Jay Z. Gerlitz & Associates, Inc., et al., respondents.

The DeIorio Law Group, PLLC, Rye Brook, NY (Patrick V. DeIorio, Jan A. Marcus, and Andrea Marcus of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Jamie R. Wozman and Mark K. Anesh of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for negligence, breach of fiduciary duty, negligent misrepresentation, and aiding and abetting fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated September 10, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the third amended complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were to dismiss the causes of action alleging negligence and breach of fiduciary duty, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendants, Jay Z. Gerlitz & Associates, Inc., and Jay Z. Gerlitz, to recover damages for negligence, breach of fiduciary duty, negligent misrepresentation, and aiding and abetting fraud. The third amended complaint alleged that the defendants acted as both insurance broker and administrator of the plaintiff's employee healthcare insurance account. In the latter capacity, the defendants allegedly engaged the services of several nonparty entities to assist in the management of the plaintiff's employee healthcare matters. Those nonparty entities allegedly fraudulently overcharged the plaintiff and retained certain payments, causing losses to the plaintiff in the amount of approximately $2,200,000.
The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the third amended complaint. By order dated September 10, 2021, the Supreme Court granted the defendants' motion. The plaintiff appeals.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 88; Mehrhof v Monroe-Woodbury Cent. Sch. Dist., 168 AD3d 713, 714).
The Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the cause of action alleging breach of fiduciary duty. "To state a cause of action to recover damages for breach of fiduciary duty, which must be pleaded with the requisite particularity under CPLR 3016(b), a plaintiff must allege: (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 775 [internal quotation marks omitted]). "A fiduciary relationship exists when one party is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relationship" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 676). "Such a relationship, necessarily fact-specific, is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). "[T]he actual relationship between the parties determines the existence of a fiduciary duty" rather than the parties' contractual agreement (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 676).
Here, contrary to the defendants' contention, the third amended complaint adequately alleged a relationship between the plaintiff and the defendants, in their capacity as administrator of the plaintiff's employee healthcare matters, that gave rise to a fiduciary duty (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d at19). While the defendants correctly contend that a fiduciary relationship does not ordinarily arise between an insurance broker and a client absent a "special relationship" (JT Queens Carwash, Inc. v JDW & Assoc., Inc., 144 AD3d 750, 753), the third amended complaint does not suggest that the harm to the plaintiff was caused by the defendants' failure to obtain insurance coverage in their capacity as insurance broker. Rather, the third amended complaint alleged that the defendants were entrusted with overseeing all aspects of the plaintiff's employee healthcare matters, including the collection of premiums and the processing and payment of claims, that the plaintiff fully relied on the defendants to hire third-party entities to assist with administration, and that the plaintiff and the defendants had a long-standing relationship of trust in that regard (see generally Penato v George, 52 AD2d 939, 942).
The Supreme Court also erred in granting that branch of the defendants' motion which was to dismiss the cause of action alleging negligence. "It is well-settled that to establish a claim of negligence, a plaintiff must prove: a duty owed to the plaintiff by the defendant, a breach of that duty, and injury proximately resulting therefrom" (Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 157). The third amended complaint adequately alleged that the defendants, in their capacity as administrator of the plaintiff's employee healthcare matters, breached a duty of care owed to the plaintiff by engaging the services of entities with a history of criminally fraudulent activity. The third amended complaint also adequately alleged that the damages resulting from the nonparty entities' fraud was reasonably foreseeable under the circumstances such that the chain of proximate cause was not severed (see Turturro v City of New York, 28 NY3d 469, 484; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). That the cause of action was labeled "PROFESSIONAL NEGLIGENCE" in the third amended complaint is immaterial (see L. Raphael NYC C1 Corp. v Solow Bldg. Co., L.L.C., 206 AD3d 590, 592; McNally v Montefiore Nyack Hosp., 206 AD3d 901, 903).
However, the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the causes of action alleging negligent misrepresentation and aiding and abetting fraud. With respect to the cause of action to recover damages for negligent misrepresentation, the third amended complaint contained only generalized, conclusory allegations and failed to allege with sufficient particularity any misrepresentation that was made by the defendants (see Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007, 1009; Ferro Fabricators, Inc. v 1807-1811 Park Ave. Dev. Corp., 127 AD3d 479, 479-480). With respect to the cause of action alleging aiding and abetting fraud, the third amended complaint failed to adequately allege the defendants' knowledge of the nonparty entities' fraud (see Weinstein v CohnReznick, LLP, 144 AD3d 1140, 1141; Matter of Woodson, 136 AD3d 691, 693).
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court