## Frye Fisheries, LLC v Ritchie Bros. Auctioneers (Am.), Inc.

2025 NY Slip Op 31875(U)

May 8, 2025

County Court, Suffolk County

Docket Number: Index No. 618628/2024

Judge: Evan M. Zuckerman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**SHORT FORM ORDER**                                          **INDEX NO. 618628/2024**

COUNTY COURT - STATE OF NEW YORK
**I.A.S. TERM, PART 68 - SUFFOLK COUNTY**

PRESENT:

    **HON. EVAN M. ZUCKERMAN**
    **Acting Judge County Court**

FRYE FISHERIES, LLC,

                Plaintiff,

-against-

RITCHIE BROS. AUCTIONEERS
(AMERICA), INC. SUFFOLK COUNTY
DEPARTMENT OF PUBLIC WORKS,
SUFFOLK COUNTY POLICE MARINE
BUREAU and TIMOTHY HEANEY,

                Defendants.

---

**ORIG. RTN DATE: SEPTEMBER 30, 2024**
**FINAL SUBMISSION DATE: APRIL 24, 2025**
**MTN. SEQ. #:** 001
**MOTION: MD**

**ORIG. RTN DATE: SEPTEMBER 30, 2024**
**FINAL SUBMISSION DATE: APRIL 24, 2025**
**MTN. SEQ. #:** 002
**CROSS-MOTION: XMG**

**COUNTY ORIG. RTN DATE: FEB. 13, 2025**
**FINAL SUBMISSION DATE: APRIL 24, 2025**
**MTN. SEQ. #:** 003
**MOTION: MG**

**PLAINTIFF'S ATTORNEY:**
LAW OFFICES OF HARVEY A. ARNOFF
206 ROANOKE AVENUE
RIVERHEAD, NEW YORK 11901
(631) 727-3904

**DEFENDANT RITCHIE BROS. ATTORNEY:**
DORSEY & WHITNEY LLP
51 WEST 52ND STREET
NEW YORK, NEW YORK 10019
(212) 415-9200

**DEFENDANT COUNTY ATTORNEY:**
CHRISTOPHER J. CLAYTON
SUFFOLK COUNTY ATTORNEY
H. LEE DENNISON BUILDING
100 VETERANS MEMORIAL HIGHWAY
HAUPPAUGE, NEW YORK 11788
(631) 853-4049

       Upon the following papers numbered 1 to __9__ read on these motions and cross motion __FOR INJUNCTIVE AND DECLARATORY RELIEF(plaintiff), and FOR DISMISSAL OF THE COMPLAINT PURSUANT TO CPLR 3211 (a)(1) (Ritchie Bros.) and CPLR 3211 (a)(7) (County);__ Order to Show Cause and supporting papers __1-3__ ;Notice of

Cross Motion to Dismiss and supporting papers 4-6; and Notice of Motion to Dismiss and supporting papers 7-9 ; it is,

**ORDERED** that these motions are hereby consolidated for purposes of this determination; and it is further

**ORDERED** that the motion by defendant Ritchie Bros. Auctioneers (America) Inc. ("RBA") for an Order dismissing the complaint against it, pursuant to CPLR 3211 (a) (1), is hereby **GRANTED**; and it is further

**ORDERED** that the motion by defendants Suffolk County Department of Public Works and Suffolk County Police Marine Bureau ("County defendants") for an Order dismissing the complaint against them, pursuant to CPLR 3211 (a) (1), is hereby **GRANTED**; and it is further

**ORDERED** that plaintiff's motion, brought by Order to Show Cause, seeking injunctive and declaratory relief against defendants is hereby **DENIED** as moot in light of the dismissal of plaintiff's claims against RBA and the County defendants.

This action concerns the sale and ownership of a 1961 Glading & Hearn Tug Boat, identified by the name "Mattituck." Plaintiff alleges that, on April 27, 2022, it purchased the vessel through an online auction run by defendant RBA, on behalf of nonparty Iron Planet, for a total of $19,820.00. Plaintiff alleges that, at some point, the vessel was moved to the Suffolk County Police marina impound area in Oakdale, New York. Plaintiff further alleges that, despite multiple telephone calls and attempts to remove the vessel from the marina, it was unable to do so, either because of weather conditions or issues at the marina with equipment or scheduling. Plaintiff alleges that, despite knowing that he was the owner of the vessel, the County defendants subsequently conspired with RBA to sell the vessel for a second time, this time to defendant Timothy Heany.[1]

By Order to Show Cause granted on August 2, 2024, plaintiff sought the following relief: (1) an Order staying the defendants from transferring, collateralizing, or secreting the vessel Mattituck; (2) an Order declaring plaintiff to be the rightful owner of the vessel Mattituck, or in the alternative, for the Court to appoint a receiver to take possession of the vessel Mattituck and safeguard same pending a hearing and determination of this matter. In the complaint filed by plaintiff, which is annexed to its motion papers, plaintiff seeks to have the vessel Mattituck turned over to him, or for money damages and other relief.

---

[1] It appears that, although he is named as a defendant, Timothy Heaney was not served with plaintiff's motion or with the summons and complaint.

RBA has now moved for an Order dismissing the complaint, pursuant to CPLR 3211 (a) (1) and (7), based on a mandatory forum selection clause contained in the terms and conditions governing the online auction, or, alternatively, because it failed to state a claim against RBA.

The County defendants cross-move for an Order dismissing the complaint against them, pursuant to CPLR 3211 (a) (7), because plaintiff failed to timely file a notice of claim against the County, pursuant to County Law § 52 and General Municipal Law § 50-e, with respect to plaintiff's claims against the County.

### RBA's Motion to Dismiss

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (see *Goshen v Mutual Life Ins Co of NY*, 98 NY2d 314, 326 [2002]; *Granada Condominium III Assn v Palomino*, 78 AD3d 996, 996 [2d Dept 2010]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2d Dept 2010]). For evidence to qualify as "documentary," it must be unambiguous, authentic, and undeniable (*Fox Paine & Co., LLC v Houston Cas. Co.*, 153 AD3d 673, 676 [2d Dept 2017]; *Granada Condominium III Assn. v Palomino*, supra; *Fontanetta v John Doe 1*, supra). Items such as judicial records, mortgages, deeds, and contracts will qualify in the proper case (see *Eisner v Cusumano Constr., Inc.*, 132 AD3d 940, 941-942 [2d Dept 2015]; *Fontanetta v John Doe 1*, supra, at 84-85).

The documentary evidence upon which RBA is relying in moving for dismissal under CPLR 3211 (a) (1), is the Iron Planet site terms and conditions (hereinafter, the "Agreement"), which is annexed to their motion papers (Exhibit "A"). RBA alleges that Iron Planet is a subsidiary of RBA and plaintiff agreed to be bound by the Iron Planet Agreement in order to use the GovPlanet online marketplace site to purchase the boat.

The Iron Planet Agreement identifies RBA as the "contracting entity" with respect to agreements in the United States (Exhibit "A" at ¶ 12). The Agreement states the following, in relevant part, regarding the governing law/jurisdiction:

> "This Agreement shall be governed by the internal
> substantive laws of the State of Washington, without
> respect to its conflict of laws principles. . . You hereby

> attorn to and agree to submit to the exclusive personal
> jurisdiction of the federal and state courts located in King
> County, Washington for any action relating to this
> Agreement"

(*Id.* at ¶ 12.2).

The Court notes that the plaintiff failed to interpose opposition to RBA's motion and therefore has submitted no evidence showing that it was not bound by the Iron Planet Agreement or its mandatory forum selection clause. Because it appears that plaintiff is required to bring any action concerning the Agreement in a federal or state court in Washington State, the Court finds that RBA has conclusively established a defense to plaintiff's claims against it in this Court as a matter of law. For the foregoing reasons, RBA's motion is hereby **GRANTED**, and the complaint against it is dismissed.

### County Defendants' Cross-Motion to Dismiss

The County defendants have cross-moved for an Order dismissing the complaint against them, pursuant to CPLR 3211 (a) (1), based on plaintiff's failure to timely file a notice of claim against the County, pursuant to County Law § 52 and General Municipal Law § 50-e, with respect to its claims against the County defendants. The Court notes that the plaintiff also failed to interpose opposition to the County's cross motion.

County Law § 52 (1) states, in pertinent party:

> Any claim or notice of claim against a county for damage, injury
> or death, or for invasion of personal or property rights, of every
> name and nature, and whether casual or continuing trespass or
> nuisance and any other claim for damages arising at law or in
> equity, alleged to have been caused or sustained in whole or in
> part by or because of any misfeasance, omission of duty,
> negligence or wrongful act on the part of the county, its officers,
> agents, servants or employees, must be made and served in
> compliance with General Municipal Law § 50-E (Notice of claim).
> Every action upon such claim shall be commenced pursuant to
> the provisions of General Municipal Law § 50-I (Presentation of
> tort claims).

General Municipal Law § 50-e requires, as a condition precedent to the commencement of an action against a public corporation, the filing of a notice of claim within 90 days of the date the claim arose.

[* 4]

It is undisputed that plaintiff failed to serve any notice of claim upon the County with respect to its claims to recover the vessel and/or for money damages. In view of the foregoing, the County's motion to dismiss plaintiff's complaint against the County defendants is hereby **GRANTED**.

In light of the dismissal of the complaint against RBA and the County defendants, and the fact that it appears that the remaining defendant Timothy Heaney was not served with the summons and complaint and the time to do so has long expired, plaintiff's motion for injunctive and declaratory relief is hereby **DENIED** as moot.

The foregoing constitutes the decision and Order of the Court.

**Dated: May 8, 2025**

**HON. EVAN M. ZUCKERMAN**
**Acting Judge County Court**

   **X**   **FINAL DISPOSITION**               **NON-FINAL DISPOSITION**